UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY GANT                                                      CIVIL ACTION

versus                                                         NO. 15-107

N. BURL CAIN, WARDEN                                           SECTION: "S" (1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Gary Gant, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On December 15, 2003, he pleaded guilty under Louisiana law

to attempted first degree murder and attempted armed robbery. He was sentenced on each conviction to a concurrent term of forty years imprisonment.[1]

On December 15, 2005, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[2] That application was denied on December 20, 2005.[3]

On June 16, 2010, a document entitled "Out Time Application for Post-Conviction Relief in Support of Original Uniform Application for Post Conviction Relief" was filed on petitioner's behalf in the state district court.[4] That document was not signed by petitioner; rather, it was signed by a relative, Lula B. Gant. In any event, the court rejected that filing because it was it was not submitted on the state-approved Uniform Application for Post-Conviction Relief.[5]

On August 2, 2010, petitioner, acting *pro se*, then filed with the state district court a post-conviction application on the required form.[6] That application was denied on October 8, 2010.[7] His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of

---

[1] State Rec., Vol. II of II, transcript of December 15, 2003; State Rec., Vol. I of II, minute entry dated December 15, 2003; State Rec., Vol. II of II, guilty plea form.

[2] State Rec., Vol. II of II.

[3] State Rec., Vol. II of II, Judgment dated December 20, 2005.

[4] State Rec., Vol. II of II.

[5] State Rec., Vol. II of II, letter to petitioner from Judicial Law Clerk Tabitha O. Mangano dated June 18, 2010.

[6] State Rec., Vol. II of II.

[7] State Rec., Vol. II of II, Judgment dated October 8, 2010.

Appeal on December 6, 2010,[8] and March 18, 2011,[9] and by the Louisiana Supreme Court on December 8, 2014.[10]

On December 27, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[11] The state argues that the federal application is untimely.[12] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[13] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is

---

[8] State v. Grant [sic], No. 10-KH-966 (La. App. 5th Cir. Dec. 6, 2010); State Rec., Vol. II of II.

[9] State *ex rel.* Grant [sic] v. Cain, No. 11-KH-108 (La. App. 5th Cir. Mar. 18, 2011); State Rec., Vol. II of II.

[10] State *ex rel.* Grant [sic] v. State, 153 So. 3d 436 (La. 2014) (No. 2014-KH-0798); State Rec., Vol. II of II.

[11] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that he placed his application in the prison mailing system on December 27, 2014. Rec. Doc. 1, p. 14.

[12] Rec. Doc. 6.

[13] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

>entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>    Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on December 15, 2003. Because he did not file a direct appeal within the thirty days allowed by state law, his state criminal judgment became final no later than January 14, 2004.[14] Accordingly, his period in which to file his federal application for *habeas corpus* relief therefore commenced on that date and expired one year later on January 14, 2005,[15] unless that deadline was extended through tolling.

---

[14] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

[15] The Court is aware that, because 2004 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was January 13, 2005. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009).

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.[16]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

---

[16] The Court notes that petitioner subsequently sought state post-conviction relief on December 15, 2005, and again in 2010. However, because those applications were filed *after* the expiration of the federal statute of limitations, they had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

In the instant case, petitioner is perhaps arguing that he is entitled to equitable tolling because he suffers from "mental illness and mental retardation."[17] However, as the United States Fifth Circuit has explained:

> Although mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petitioner.[FN34]
>
>> [FN34] See, e.g., Riva v. Ficco, 615 F.3d 35, 40 (1st Cir. 2010) ("There must be some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010) ("[A] habeas petitioner must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[T]he alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition."); McSwain v. Davis, 287 Fed. Appx. 450, 456 (6th Cir. 2008) (same); Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled.").

Jones v. Stephens, 541 Fed. App'x 499, 505 (5th Cir. 2013), cert denied, 134 S. Ct. 1493 (2014); accord Noble v. Cooper, Civ. Action No. 11-2866, 2012 WL 1135867, at *3 (E.D. La. Mar. 20, 2012), adopted, 2012 WL 1135857 (E.D. La. Apr. 4, 2012). The same is true when equitable tolling

---

[17] See, e.g., Rec. Doc. 1, p. 19 ("It is inconsistent to hold that a Petitioner who suffers from mental illness and mental retardation, failed to file appropriate/adequate pleadings without assistance in a timely manner with respect to the remedy sought.").

is sought based on mental retardation. See, e.g., Smith v. Johnson, No. 00-10019, 2001 WL 43520, at *3 (5th Cir. Jan. 3, 2001) ("While we have previously indicated that a prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights, we have also made clear that a claim of incompetence does not automatically entitle a prisoner to equitable tolling. Rather, before a prisoner is entitled to equitable tolling he must sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." (citation omitted)); Mathis v. Stephens, No. 3:13-CV-0180, 2014 WL 534940, at *2 (N.D. Tex. Feb. 11, 2014) ("Petitioner argues he is entitled to equitable tolling because his MHMR (mental health/mental retardation) prevented his timely filing. Petitioner, however, has not explained how his MHMR prevented his timely filing. The record shows his pleadings are coherent and that he filed a motion for special review, a state habeas petition and this federal petition."); Williams v. Quarterman, Civ. Action No. H-08-2162, 2009 WL 7326065, at *3 (S.D. Tex. Aug. 24, 2009) ("Petitioner's claim of mental retardation or other non-specific cognitive impairment requires separate analysis. The Fifth Circuit has held that certain mental impairments may potentially give rise to grounds for equitable tolling, provided the petitioner proves up both the impairment and that it affected his ability to file a timely habeas petition. If a petitioner proves some degree of mental impairment, he must then prove that the impairment prevented his timely filing; proof of both elements is imperative.").

    Here, there is evidence that petitioner has a history of mental illness and mental retardation. For example, the Court notes that he was originally found incompetent to stand trial in

the state criminal proceedings.[18]  He was therefore committed to the Feliciana Forensic Facility, where he was found to have the following diagnoses: cannabis dependence, diphenhydramine abuse, doxepin abuse, mild mental retardation, antisocial personality disorder, and epilepsy.[19]  However, importantly, his condition was then stabilized as a result of his treatment,[20] and, on May 7, 2003, he was found competent to stand trial.[21]  He has presented no evidence of a subsequent relapse.

Further, even if there had been a relapse during the *original* one-year period, that alone would not suffice to prove that petitioner's federal application is timely.  In that event, he would then be required to establish that he was also incapable of seeking relief during *any* one-year period which elapsed untolled.  If any such one-year period existed during which he was capable of seeking relief, his federal application would still be untimely, despite any period(s) of mental incapacity.  See, e.g., Halsey v. Thaler, 421 Fed. App'x 386, 391 (5th Cir. 2011) ("We will not find an abuse of discretion in the district court's refusal to apply equitable tolling where the petitioner's asserted basis for equitable tolling still leaves more than a full year of "AEDPA time.'"); Jarrell v. LeBlanc, Civ. Action No. 11-2913, 2012 WL 3065423, at *1 (E.D. La. July 27, 2012) ("[B]rief periods of incapacity during the one-year statute of limitations, whether due to mental illness,

---

[18]  State Rec., Vol. I of II, minute entry dated March 7, 2001; State Rec., Vol. I of II, Order dated March 19, 2001.

[19]  State Rec., Vol. I of II, Forensic Competency Evaluation and Report by Craig Waggoner, Ph.D., and Alan Newman, M.D.

[20]  State Rec., Vol. I of II, Letter to Judge Mary Hotard Becnel from J. Scott Stanley, M.D., and Herbert Erwin dated October 16, 2002.  See also State Rec., Vol. I of II, Letter to Judge Mary Hotard Becnel from Dr. Harold M. Ginzburg dated January 6, 2003.

[21]  State Rec., Vol. I of II, minute entry dated May 7, 2003.

medication, or confinement, do not necessarily warrant equitable tolling. Even when the petitioner establishes a brief period of incapacity, he must still demonstrate that he diligently pursued his application during the remainder of the limitation period and still could not file within the one year period." (citation omitted)). Petitioner has not made that showing, especially in light of the fact that, while acting *pro se*, he was able to file a motion for a copy of his transcript in August of 2006,[22] a motion for a copy of the District Attorney's file[23] and a motion for production of documents in October of 2006,[24] a post-conviction application in August of 2010,[25] and related writ applications with the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court.[26] Where a petitioner's filings show that he was able to coherently pursue his legal remedies in other courts, his argument that the alleged impediments were so insurmountable as to prevent him from seeking relief in federal court is too speculative to succeed. See, e.g., Noble v. Cooper, Civ. Action No. 11-2866, 2012 WL 1135867, at *3 (E.D. La. Mar. 20, 2012), adopted, 2012 WL 1135857 (E.D. La. Apr. 4, 2012); Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *4 (E.D. La. July 29, 2011); Williams v. Quarterman, Civ. Action No. H-08-2162, 2009 WL 7326065, at *5 (S.D. Tex. Aug. 24, 2009).

---

[22] State Rec., Vol. II of II.

[23] State Rec., Vol. II of II.

[24] State Rec., Vol. II of II.

[25] State Rec., Vol. II of II.

[26] State Rec., Vol. II of II.

Without evidence demonstrating that petitioner's conditions rendered him incapable of pursuing relief, he has not met his burden of proof to establish that he is entitled to equitable tolling based on mental incapacity. Further, he has brought forth no evidence demonstrating that he is entitled to equitable tolling on any other basis, and this Court knows of no reason that would support such tolling.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than January 14, 2005, in order to be timely. His federal application was not filed until December 27, 2014, and, therefore, it is untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gary Gant be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[27]

New Orleans, Louisiana, this eleventh day of March, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.